# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DAVID JUAN MERRITT,**

      Petitioner,

v.                                                                                           Case No. 2:06-cv-32
                                                                                                  (Judge Maxwell)

**DOMINIC GUTIERREZ,**

      Respondent.

## OPINION/REPORT AND RECOMMENDATION

On March 16, 2006, the *pro se* petitioner initiated this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a memorandum in support. In the petition, the petitioner requests this Court grant his writ, freeing him from his unconstitutional and wrongful confinement. This case is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 83.09.

## I. Conviction and Sentence

According to the petition and memorandum, the petitioner was convicted in the United States District Court for the Eastern District of Virginia in case numbers 4:97-cr-43(1) and 4:98-cr-6(1). In case number 4:97-cr-43 petitioner was found guilty by a jury and received a sentence of 140 months imprisonment.[1] In case number 4:98-cr-6 petitioner pled guilty to all counts and received a sentence of 140 months imprisonment.[2] Petitioners' convictions and sentences were

---

[1] In this case, petitioner was charged in a 77 count indictment of 56 counts of mail fraud, 2 counts of false oath in bankruptcy, 14 counts of false declarations in bankruptcy court, 2 counts of fraudulent transfer of bankruptcy assets, one count false declaration before the grand jury, and one count false declaration before the court. Memorandum at 2. The jury found petitioner guilty of all counts except count 74, which was dismissed. Id.

[2] In this case, petitioner was charged in a six count information of three counts false statements to a financial institution and three counts of mail fraud. Memorandum at 2.

affirmed by the Fourth Circuit Court of Appeals on February 11, 2000.  Shortly thereafter, petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in the sentencing court.  Petitioners' § 2255 motion was denied on June 6, 2002.

## II.  Claim for Relief

In the petition, the petitioner asserts that he is "challenging the execution of his exceptional 140-month sentence by alleging that, Warden Gutierrez does not have the jurisdictional authority to continue to detain him under a defective Judgment and Commitment Order which the district court originally issued based on an incorrect guideline sentencing range."  Petition at 4.  Recognizing that this type of claim is more appropriately raised in a motion under § 2255, petitioner explains in his memorandum that he is entitled to invoke this Court's jurisdiction over his claim under § 2241 by showing that he is entitled to the "savings clause" of § 2255.  Specifically, petitioner asserts that he is entitled to bring his claim under § 2241 because he is not challenging the validity of the original conviction, he does not attack any proceeding that led to his sentencing, and the remedies under § 2255 are inadequate and ineffective to test the legality of the length of his continued detention.  Memorandum at 1.

In support of his claim, petitioner asserts that under the federal sentencing guidelines in effect at the time he was sentenced, the sentence authorized by his criminal history, the charging documents, the jury verdict, and admitted by him, was only 0 to 6 months based on a base offense level of 6.  Memorandum at 2.  However, at sentencing, the sentencing court found additional facts outside the offense of conviction and applied various enhancements that raised petitioners' base offense level from 6 to 28 which produced a sentencing guideline range of not less than 78, nor more than 97 months imprisonment.  Id. at 2-3.  The Court then gave petitioner

a fact-based upward departure of 5 levels.  Id. at 3.  This resulted in a base offense level of 33 and a sentencing range of not less than 135, nor more than 168 months imprisonment.  Id.  Petitioners' actual sentence received was 140 months.  Id.

According to petitioner, the savings clause exception exists where "(1) relief is procedurally unavailable under Section 2255; and (2) the petition asserts a claim of actual innocence that is both proveable (sic) on the existing record and could not have been raised at an earlier time."  Memorandum at 4.  Petitioner also claims that a claim may be raised when an intervening "change in law" warrants reconsideration of such claim.  Id.  Further, the petitioner argues that "[s]ection 2241 remedy is available for AEDPA barred claims because denial of 'avenues of judicial review' for a party who had no prior opportunity to present a previously unavailable 'change in the law' would present a valid miscarriage of justice in addition to a blatant violation of constitutional rights."  Id.

Here, petitioner asserts that his "exceptional sentence is a result of an incorrect application of the Sentencing Guidelines based on an interpretation of the law concerning the reach of a federal sentencing guideline that was subsequently shown to be incorrect and which substantially lowers Petitioner's sentencing guideline range pursuant to the United States Sentencing Commission's intervening non-constitutional 'change in the law' as per Amendment 617."  Memorandum at 5.  Petitioner asserts that his sentencing, direct appeal and first § 2255 motion were all filed prior to Amendment 617, making his claim previously unavailable.  Id. at 6.  Moreover, applying Amendment 617 to his sentence, petitioner asserts that his guideline range would have been 87-108 months, substantially lower than the 135-168 range the district court found and substantially lower than his 140-month sentence.  Id.

**III. Analysis**

A motion filed under § 2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. § 2242 (§ 2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. § 2255 (motions to vacate a sentence brought under § 2255 are collateral attacks upon the imposition of a prisoner's sentence). However, a federal prisoner may seek relief under 28 U.S.C. § 2241 when § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy and found that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Jones at 333-34.

In his petition, the petitioner recognizes that Amendment 617 became effective on November 1, 2001. However, contrary to his assertions, at that time, petitioners' § 2255 motion was pending with the sentencing court and the instant claim was not previously unavailable. Consequently, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and he has improperly filed a § 2241 petition. Moreover, the undersigned notes that Amendment 617 is not a change in substantive law that renders petitioners' conduct non-criminal. Rather, Amendment 617 merely modified the way in which petitioner's sentencing

4

guidelines could have been calculated.[3]

**IV. Recommendation**

Based on the foregoing, the undersigned recommends that the petitioner's § 2241 petition be DENIED and DISMISSED WITH PREJUDICE.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985.

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and any counsel of record.

DATED: May 10, 2006

/s *John S. Kaull*

_____

JOHN S. KAULL

UNITED STATES MAGISTRATE JUDGE

---

[3] This type of claim is most appropriately raised in the sentencing court as a motion to modify sentence under 18 U.S.C. § 3582(c).